IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Albert S. Kelly, #277334, | ) | Case No.: 4:25-cv-06654-JD-TER |
| a/k/a Albert S. Kelley, | ) | |
| a/k/a Albert Santanieo Kelley, | ) | |
| a/k/a Albert Santanieyo Kelley, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| Willy Davis, Warden Palmer, | ) | |
| Associate Warden Stanley Terry, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, was ordered by the Magistrate Judge on July 3, 2025, to complete a complaint form and either pay the required filing fee or submit an application to proceed in forma pauperis. (DE 5.) This matter is now before the Court due to Plaintiff's failure to comply with that Order.[1] (DE 5.)

The Order was mailed to the address provided by Plaintiff and was not returned as undeliverable. Accordingly, the Court presumes Plaintiff received the Order. Nevertheless, Plaintiff failed to comply within the time permitted, and no response has been received. The deadline for compliance has now expired.

A *pro se* litigant is solely responsible for the prosecution of his case. The Court possesses inherent authority to manage its docket to promote the orderly and

---

[1]     The same also occurred in *Kelly v. Sharill*, No. 4:25-cv-1430-JD and *Kelly v. Williams*, No. 4:25-cv-3009-JD, which were dismissed under Rule 41.

expeditious disposition of cases. *See Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). This authority is further reflected in Rule 41(b) of the Federal Rules of Civil Procedure, which permits dismissal for failure to prosecute.

Given Plaintiff's failure to comply with the Court's order, the Court concludes that Plaintiff does not intend to pursue this case. Dismissal of this action is thus appropriate under Rule 41(b).

Accordingly, this action is hereby DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 13, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.